**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTONIO MANUEL MARTINEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-09-CA-759-SS** |
| | § | |
| **RICK THALER, Director,** | § | |
| **TDCJ-CID** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 12); and Petitioner's response thereto (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas in cause

number D-1-DC-300447.  SHCR-01 at 8 (judgment and sentence).[1]  Petitioner was indicted by a grand jury for robbery with bodily injury alleged to have been committed on or about February 12, 2006.  SHCR-01 at 3 (indictment).  The indictment contained an enhancement paragraph, alleging that Petitioner has previously been convicted of two felonies.  SHCR-01 at 3-4.  Petitioner pleaded not guilty to the charged offense, and on January 12, 2006, a jury found him guilty.  SHCR-01 at 8. The trial court sentenced Petitioner to 50 years confinement in TDCJ-CID.  Id.

Petitioner timely appealed his conviction and sentence to the Third Court of Appeals of Texas.  The intermediate court of appeals affirmed Petitioner's conviction on June 11, 2008. Martinez v. State, No. 03-06-00491-CR, 2008 WL 2387995 (Tex. App.– Austin June 11, 2008, pet. ref'd).  Petitioner filed a petition for discretionary review ("PDR"), which was refused by the Texas Court of Criminal Appeals on October 1, 2008.  In re Martinez, PD-0850-08 (Tex. Crim. App. Oct. 1, 2008).  Petitioner does not indicate that he filed a petition for writ of certiorari to the United States Supreme Court.  Fed. Writ Pet. at 3.

Petitioner also filed two state applications for writ of habeas corpus applications challenging his conviction.  SHCR-01 at 30; SHCR-02 at 2.  Petitioner's first state writ application was filed on April 29, 2009, and was denied by the Court of Criminal Appeals without written order on findings of the trial court without a hearing on August 5, 2009.  SHCR-01 at cover.  While Petitioner's first state writ application was pending, he filed a second application on June 22, 2009.  SHCR-02 at 22. On August 5, 2009, the Court of Criminal Appeals denied this application without written order on findings of the trial court without a hearing.  SHCR-02 at cover.

---

[1] The undersigned will refer to Petitioner's state habeas record as "SHCR," followed by the volume number, to the clerk's record as "CR,"  and to the reporter's record as "RR."

**B.      Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated

below.

> At 2:00 a.m. on February 12, 2006, the complainant, Ketrice Carter, left a Sixth Street night club and began to walk alone to her car, which was parked on Brushy Creek, a street near Interstate 35. Needing to urinate and there being no businesses open, Carter stepped into an alley where she intended to use the shelter of some bushes. Suddenly, she was struck on the head and knocked to the ground. The assailant, who was wearing a long, leather coat, hit Carter several more times, then pulled her to her feet. He put his arm around her neck and warned her not to scream or "my friend is going to shoot you in the back." Carter testified that she never saw a second person. As the assailant walked Carter to the end of the alley, a police car drove past. Carter managed to free herself and ran toward the police vehicle.
>
> Officer Richard Davis testified that as he drove down Brushy Creek past the alley, he saw a Hispanic male holding a black female; the female appeared to be crying. Unable to turn immediately, Davis radioed another officer, Nathan Scherbeck, who was just then turning into the street. Davis told Scherbeck what he had seen and asked him to investigate. Scherbeck testified that as he approached the couple, the female ran toward him asking for help. Scherbeck said that the woman, Carter, told him that she had been attacked in the alley by a man who had threatened to shoot her. She pointed to the man, who was beginning to walk away quickly. Davis, who had also returned to the scene by this time, called for the man to stop. Carter, Davis, and Scherbeck identified appellant as the man who attacked Carter in the alley and was detained by the officers. Appellant was not arrested that night and was allowed to leave after giving the officers his name and address.

Martinez v. State, No. 03-06-00491-CR, 2008 WL 2387995, at *1 (Tex. App.– Austin June 11,

2008, pet. ref'd).

**C.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      Trial counsel rendered ineffective assistance of counsel by failing to:

      a.      request a jury instruction on the legality of a search and seizure; and

      b.      retain expert witnesses;

2.      The trial court abused its discretion by ruling that Petitioner could not cross-examine the complainant on a pending criminal charge of her own; and

3.      The trial court abused its discretion by overruling Petitioner's motion for a mistrial after the prosecutor impermissibly commented on Petitioner's own failure to testify.

**D.      Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

The AEDPA sets the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable

4

determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.  See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C. § 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence.  See id.  Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings.  See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Ineffective Assistance of Counsel**

In his first and second grounds for relief, Petitioner argues that he was denied effective assistance of counsel.  Specifically, Petitioner argues his trial counsel failed to:  (1) request a jury instruction on the issue of whether Petitioner was subjected to a legal search and seizure; and (2) retain and use various expert witnesses.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052  (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

5

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

    1.    Search

Petitioner contends the jury should have been allowed to make a determination on whether the police illegally found him to be in possession of the complainant's cellular telephone. In his state application for habeas corpus relief, Petitioner asserted he was harmed by this error because the jury

would have decided that the police had "no authority to seize the cell phones" and would have had

to disregard the physical evidence against him.  SHCR-01 at 44.  Petitioner further asserts he was

harmed because this error effectively waived his right to appeal on the issue.  Id.

On appeal Petitioner argued that Officer Davis exceeded the scope of a permissible weapons

frisk by seizing the complainant's cell phone that he found in Petitioner's pocket. Petitioner urged

that the trial court should have suppressed this evidence.  The court of appeals summarized the facts

surrounding this claim:

At the pretrial suppression hearing, Davis described his frisk of appellant as follows:

Q. When you frisked him, did you discover a weapon?

A. I did not.

Q. Did you take anything out of his pockets?

A. I did not.

Q. Did you feel anything in his pockets?

A. I did.

Q. What did you feel?

A. There was two cell phones in one of the pockets of his long black leather coat that
he was wearing that night.

Q. And you could feel them, and you knew they were cell phones when you patted
him down?

A. Yes, by manipulation of the outer garment.

Q. Did you pull the cell phones out?

A. I did not.

Davis went on to testify that after this frisk, he left appellant under the supervision of a third officer who had arrived and walked to where Scherbeck was questioning Carter. When Carter mentioned that she had lost her cell phone during the incident in the alley, Davis went back to where appellant was standing and asked him for the cell phones that he had in his pocket. Appellant gave Davis the two phones, which the officer showed to Carter. She identified one of the phones as hers.

Appellant testified at the suppression hearing and gave a different version of these events. According to appellant, Davis did not ask him for the phones, but instead reached into his coat pocket and took the phones.

. . .

Although the trial court did not make formal findings of fact and conclusions of law, the court clearly did not believe appellant's testimony. When appellant's counsel argued that the officer did not have the right "to come back, reach in, take that phone out," the court responded: "[Davis] didn't come back and reach in. He comes back and says, I need those cell phones so I can take them over to her."

Martinez, 2008 WL 2387995, at *2.

In his state application for habeas corpus relief Petitioner argued his counsel was ineffective

for failing to request an instruction regarding the search. The state habeas court made the following

findings:

2.    Austin Police Department Officers Davis and Scherbeck saw applicant holding Carter in an alley about 2 a.m. Carter ran to Scherbeck saying applicant had assaulted her. Davis detained applicant and frisked him for weapons, feeling two cell phones in the pocket of a long coat applicant was wearing, but not seizing anything. A few minutes later Carter discovered her cell phone was missing, so Davis returned to applicant and removed the phones from applicant's pocket. Carter identified one of the phones as hers.

3.    Applicant moved to suppress the phones as being the fruit of an unlawful search and seizure. At the suppression hearing Davis testified that he had asked applicant for the phones and applicant handed them to him. Applicant testified that Davis just reached into his pocket and took them. The trial court denied the motion to suppress, and that denial was affirmed on appeal.

4.    Applicant contends that this trial counsel was ineffective because he did not request an instruction under Article 38.23, CCP, but does not allege what fact

8

> was in dispute which might have resulted in a determination that the search
> and seizure were illegal.  Davis's knowledge that applicant had assaulted
> Carter, that Carter's cell phone was recently missing, and that applicant had
> two cell phones in his coat pocket provided reasonable suspicion that
> applicant possessed Carter's missing phone without her consent, authorizing
> him to seize the phones to determine whether one of them was Carter's.

SHCR-01 at 63.

A defendant is entitled to an article 38.23 instruction if the trial evidence raised a factual

issue concerning whether evidence was obtained in violation of the U.S. Constitution, other federal

law, the Texas Constitution, or other Texas law.  See TEX. CRIM. PROC. CODE ANN. § 38.23 (West

2006); Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986).  Although Petitioner testified

at the suppression hearing, he did not testify at trial.  Therefore, the trial evidence did not raise a

factual issue concerning whether the cell phone was illegally seized.  As such, counsel was not

deficient for failing to request an instruction.  Having independently reviewed the entire state court

record, this Court finds nothing unreasonable in the state court's application of clearly established

federal law or in the state court's determination of facts in light of the evidence.

    2.   <u>Expert Witnesses</u>

Petitioner also contends counsel was ineffective for failing to retain and use expert witnesses.

However, Petitioner does not describe the precise identity or nature of the expert witnesses he

believes that counsel should have used, but instead cites to his trial attorney's affidavit wherein

counsel agrees he provided ineffective assistance of counsel.  Fed. Writ. Pet. at Attachment.  In his

affidavit counsel refers to the motion for new trial he filed on behalf of Petitioner.  In the motion for

new trial counsel states:

> [He] failed to enlist the services of expert witnesses which would have been crucial
> in assisting the jury to understand issues of memory, false identification, and

9

perception.  Even if the court would not have allowed these experts to testify at trial, undersigned counsel still should have used an expert to assist in the preparations for trial.  There was no strategic basis for this absolute failure to hire an expert.  Memory and cognition and misinterpretation were the crucial issues in this case, and Mr. Martinez should not be harmed because of his counsel's failure to adequately prepare.

Furthermore, undersigned counsel failed to obtain the services of an expert on fingerprint identifications.  Again, this was a crucial issue regarding proving the pen packets for purposes of enhancements, and there was no strategic reason that counsel failed to obtain an expert; it was a complete oversight.

SHCR-01 at 55.

Petitioner raised this same claim in his state application for habeas corpus relief.  The state court issued detailed findings of fact and conclusions of law that:

> 5.      Carter testified that applicant was the man who assaulted her, and Davis and Scherbeck both identified him as the man who was with her and possessed her cell phone.  Applicant does not allege how the assistance of an expert witness in memory or cognition might have assisted the defense.

> 6.      Applicant does not allege that he was not the same person identified in the pen packet which was used to prove the enhancement allegation, nor does he allege how the assistance of a fingerprint expert might have shown that he was not that person.

SHCR-01 at 63.

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative.  Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001).  For Petitioner to demonstrate the requisite Strickland prejudice, he must show not only that the testimony would have been favorable, but also that the witness would have testified at trial.  Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).  Petitioner has not done this.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28

U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he

received ineffective assistance of trial counsel.

**C.     Trial Court Error**

    1.     Confrontation Clause

In his next ground for relief, Petitioner argues that the trial court abused its discretion by

ruling that he could not cross-examine the complainant on a pending criminal charge.  Petitioner

raised this claim on direct appeal.  The appellate court rejected the claim and found no abuse of

discretion.  The court explained:

> A defendant is constitutionally entitled to pursue all avenues of cross-examination
> reasonably calculated to expose a motive, bias, or interest for the witness to testify.
> Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996).  This includes
> cross-examination regarding criminal charges pending against a witness and over
> which those in need of the witness's testimony might be empowered to exercise
> control.  Id. at 498.

> The record reflects that in July 2006, Carter was arrested while she sat in a parked car
> that had been reported stolen.  Marihuana was found in the car.  The matter had been
> referred to the grand jury for possible indictment for unauthorized use of a motor
> vehicle.  Appellant contends that the trial court violated his Sixth Amendment
> confrontation right by refusing to allow him to cross-examine Carter regarding this
> pending charge.

> In order to impeach a witness with evidence of a pending criminal action, the
> proponent must establish that the evidence is relevant.  Carpenter v. State, 979
> S.W.2d 633, 634 (Tex. Crim. App. 1998).  Thus, it was appellant's burden to
> establish a causal connection or a logical relationship between the pending (or
> potential) unauthorized use charge and the complainant's testimony at his trial.  See
> id. at 635.  The complainant was arrested after the events for which appellant was on
> trial, and therefore her accusations against appellant on the night of February 12,
> 2006, could not have been motivated by a desire to curry favor with the police or
> prosecutors.  Further, appellant does not contend, much less demonstrate, that the
> complainant's trial testimony differed in any way from her statements to the police
> on February 12. Appellant has failed to provide any indication that the complainant's

potential criminal liability was relevant to show that she had a motive to testify falsely.  See id.

Martinez, 2008 WL 2387995, at *3.  Petitioner also raised his claim in his second state application for habeas corpus relief.  The state habeas court found that the claims had been raised and rejected on appeal.  SHCR-02 at 36.

The Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI.  The main purpose is to secure the opportunity to cross-examine.  Davis v. Alaska, 415 U.S. 308, 315-16 (1974).  The Supreme Court has observed: "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (emphasis in original).

> [T]he Confrontation Clause ... [does not] prevent[ ] a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

Id., at 679.

The standard of review that the Supreme Court set forth in Brecht v. Abrahamson, 507 U.S. 619, 638 (1993), governs federal habeas review of constitutional errors that occur during a state trial. Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Burbank v. Cain, 535 F.3d 350 (5th Cir. 2008). Assuming that a state trial court has committed a constitutional error during trial, the court will find that the error is harmless under Brecht, unless the petitioner shows that the error resulted in "actual prejudice" meaning that the constitutional error had a "substantial and injurious effect or influence

12

in determining the jury's verdict." <u>Fry</u>, 127 S. Ct. at 2325, 2327; <u>Barrientes v. Johnson</u>, 221 F.3d 741, 756 (5th Cir. 2000).

In this case, Petitioner has failed to demonstrate that the trial court erred or that the alleged errors rendered his trial fundamentally unfair.  As explained by the state court, Petitioner failed to demonstrate that the complainant's arrest, which occurred approximately five months after Petitioner's crime, was relevant to show the complainant had a motive to testify falsely.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

> 2.   <u>Mistrial</u>

In his final ground for relief, Petitioner argues the trial court abused its discretion by overruling a motion for mistrial after the State made a comment that could be understood to comment on Petitioner's decision not to testify.  Petitioner argues that the State was impermissibly allowed to comment on his decision not to take the stand when the prosecutor contended that there was no evidence supporting Petitioner's version of the events.

Petitioner raised this same issue on direct appeal.  The appellate court stated:

> To put this contention in context, we note that during his own argument, defense counsel said, "We're not saying [the complainant] wasn't attacked; she was. We're saying that she got it wrong.  She misinterpreted what happened, that Tony was helping her.  It wasn't him [who committed the assault]."  The prosecutor responded to this argument by saying, "What about this Good Samaritan story? Who do we hear from that supports that?"  The trial court sustained appellant's objection that this was a comment on his failure to testify and instructed the jury:
>
> > Ladies and gentlemen of the jury, let me state to you that the Court has already informed you in the jury charge that you cannot consider the fact that the defendant did not testify for any purpose at all.  The

> fact is that a defendant has a right to testify if he wishes, and he also has an absolute right not to testify. The fact that he does not testify cannot be considered as a fact or circumstance by you for anything. It cannot be considered for any purpose.
>
> There are certain things that can be said by State's Counsel and Defense counsel in final argument. But insofar as any statement that has been made by Mr. Pryor, by the State's attorney arguing now, that might in some way go to that particular statement or that implication that the defendant did not testify, I am going to sustain the Defense objection to that. That is really not a proper argument.
>
> There are other things that they can say, but insofar as any of his remarks that have gone towards that, inviting you to consider that fact, if that would be the inference that somebody could draw, I will sustain the Defense objection and instruct you to disregard that remark by Mr. Pryor.

Martinez, 2008 WL 2387995, at *4.

The court overruled Petitioner's motion for a mistrial, explaining:

> Except in the most blatant cases, an instruction to disregard a reference to the defendant's failure to testify will cure any prejudice arising from the comment. Moore v. State, 999 S.W.2d 385, 405-06 (Tex. Crim. App. 1999). Considering that the prosecutor's remark was at most an indirect reference to appellant's failure to testify and that the trial court strongly admonished the jury to disregard the remark, and in light of the strength of the State's case, we conclude that the trial court did not abuse its discretion by overruling the motion for mistrial. See Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

Id.

The "Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229 (1965). "For there to have been a denial of one's [F]ifth [A]mendment right to remain silent, the prosecutor's manifest intent in making the remark must have been to comment on the defendant's silence, or the character of the remark must have been such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." Jackson v.

14

<u>Jackson</u>, 194 F .3d 641, 652 (5th Cir. 1999) (citation omitted).  Even if the prosecutor's comments constitute constitutional error, to obtain habeas relief, a petitioner must show that the error "has substantial and injurious effect or influence in determining the jury's verdict."   <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 113 S. Ct. 1710 (1993) (citation omitted) (holding that the "substantial and injurious effect" standard for determining harm applies in the habeas context rather than the "harmless beyond a reasonable doubt" standard).

In Petitioner's case the trial court sustained defense counsel's objection and instructed the jury to disregard the offending comment.  The state trial court's prompt instruction to disregard sufficiently eliminated any threat of prejudice to Petitioner.  <u>See</u> <u>United States v. Wharton</u>, 320 F.3d 526, 539 (5th Cir. 2003) (trial court's prompt instruction to disregard eliminated any threat of burden-shifting or prejudice arising from alleged comment on defendant's failure to testify).  Moreover, having reviewed the record from Petitioner's trial, this Court independently concludes any error arising from the alleged impropriety of the prosecutor's comment was harmless.  Accordingly, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE